| | |
|---|---|
| DAVID OPPENHEIMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ANSWER OF LINDA CHESNUT-TOUPIN** |
| ) | **AND TOUPIN, INC.** |
| LINDA CHESNUT-TOUPIN, TOUPIN, ) | |
| INC., CURTIS J. HANNAH, and MARY ) | |
| KAY INC., ) | |
| ) | |
| Defendant. | |

NOW COME Defendants, Linda Chesnut-Toupin ("Ms. Toupin") and Toupin, Inc., through counsel, subject to their previously filed Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 16], and answer the Plaintiff's Complaint as follows:

## JURISDICTION/VENUE

1. Admitted.

2. It is admitted that this Court has subject matter jurisdiction. It is denied that this Court has personal jurisdiction over Ms. Toupin or Toupin, Inc. Except as admitted, the allegations of Paragraph 2 are denied.

## THE PARTIES

3. Upon information and belief, admitted.

4. It is admitted that Ms. Toupin is a citizen of Kentucky and was properly served with the Summons and Complaint. Except as admitted, the allegations of Paragraph 4 are denied.

5. Admitted.

6. Upon information and belief, admitted.

1

7. Upon information and belief, admitted.

## INTRODUCTORY FACTS

8. Upon information and belief, it is admitted that Plaintiff is a professional photographer with a principal place of business in Buncombe County, North Carolina. These Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 8; therefore, those allegations are denied.

9. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 9; therefore, those allegations are denied.

10. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 10; therefore, those allegations are denied.

11. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 11; therefore, those allegations are denied.

12. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 12; therefore, those allegations are denied.

13. It is admitted that Ms. Toupin is the owner of the website www.lindatoupin.com. These Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 13; therefore, those allegations are denied.

14. Denied.

15. It is admitted that Ms. Toupin posted a photograph of the Grove Park Inn on her website. At this time, these Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 15; therefore, those allegations are denied.

16. Admitted.

17. It is admitted that Plaintiff, through counsel, sent a letter to these Defendants. Except as admitted, the allegations of Paragraph 17 are denied.

## CAUSES OF ACTION

### COUNT I – COPYRIGHT INFRINGEMENT

18. The foregoing responses of Defendants' Answer are hereby restated as though fully set forth herein.

19. Denied.

20. Denied.

### COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT

21. The foregoing responses of Defendants' Answer are hereby restated as though fully set forth herein.

22. Denied.

### COUNT III – VICARIOUS COPYRIGHT INGRINGEMENT

23. The foregoing responses of Defendants' Answer are hereby restated as though fully set forth herein.

24. Admitted.

25. It is admitted that Ms. Toupin owns and is the President of Toupin, Inc. It is admitted that Ms. Toupin does business through Toupin, Inc. Except as admitted, the allegations of Paragraph 25 are denied.

26. It is admitted that Ms. Toupin owns and is the President of Toupin, Inc. It is admitted that Ms. Toupin does business through Toupin, Inc. Except as admitted, the allegations of Paragraph 26 are denied.

27. Denied.

## COUNT IV – VIOLATIONS OF THE DIGITAL MILLENIUM COPYRIGHT ACT

28. The foregoing responses of Defendants' Answer are hereby restated as though fully set forth herein.

29. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 29; therefore, those allegations are denied.

30. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 30; therefore, those allegations are denied.

31. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 31; therefore, those allegations are denied.

32. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 32; therefore, those allegations are denied.

33. Denied.

34. Denied.

## CAUSATION/DAMAGES

35. Denied.

36. Denied.

## RELIEF REQUESTED

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## AFFIRMATIVE DEFENSES

### (Fair Use)

If it is determined that the photograph in question was, in fact, owned and copyrighted by Plaintiff, which is not admitted, these Defendants' use of the photograph constituted a fair use under the circumstances.

### (Equitable defenses)

If it is determined that the photograph in question was, in fact, owned and copyrighted by Plaintiff, which is not admitted, Plaintiff's claims may be barred, in whole or in part, by the doctrines of unclean hands and copyright misuse.

### (Good faith, lack of knowledge and innocence)

If it is determined that these Defendants are liable for infringement, which is denied, Defendants plead good faith, lack of knowledge and innocence as defenses to Plaintiff's claim for statutory damages.

## RESERVATION OF OTHER AFFIRMATIVE DEFENSES THAT MAY BE ESTABLISHED IN DISCOVERY

If the Court denies Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Defendants reserve the right to amend their Answer to assert any affirmative defenses that may be established through discovery.

WHEREFORE, having answered Plaintiff's Complaint, these Defendants pray the Court as follows:

1. That Plaintiff's Complaint be dismissed for lack of personal jurisdiction;
2. That Plaintiff have and recover nothing and his action be dismissed;
3. For trial by jury on any issues of material fact;
4. That the costs of this action be taxed against the Plaintiff; and
5. For such other relief as the Court deems just and reasonable.

THIS the 4th day of December, 2017.

          ROBERTS & STEVENS, P.A.

     BY: s/Wyatt S. Stevens
        WYATT S. STEVENS
        N.C. Bar No. 21056
        P. O. Box 7647
        Asheville, NC 28802
        Telephone: (828) 252-6600
        Facsimile: (828) 253-7200
        wstevens@roberts-stevens.com
        Counsel for Defendants Toupin and Toupin, Inc.

6

Case 1:17-cv-00284-MR   Document 18   Filed 12/04/17   Page 6 of 7

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that the foregoing **ANSWER** in the above-titled action has this date served upon all parties to this cause by CM/ECF filing.

This the 4th day of December, 2017.

        s/Wyatt S. Stevens
        WYATT S. STEVENS
        N.C. Bar No. 21056
        P. O. Box 7647
        Asheville, NC 28802
        Telephone: (828) 252-6600
        Facsimile: (828) 253-7200
        wstevens@roberts-stevens.com

7

Case 1:17-cv-00284-MR   Document 18   Filed 12/04/17   Page 7 of 7